UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
HAKIM MITCHELL,

                Plaintiff,                    **MEMORANDUM AND ORDER**
                                                                  22-CV-5883 (RPK) (RER)
       v.

EXPERIAN INFORMATION
SOLUTIONS, INC.

                Defendant.
-----------------------------------------------------------x

RACHEL P. KOVNER, United States District Judge:

      *Pro se* plaintiff Hakim Mitchell sued defendant Experian Information Solutions, Inc. in New York state court, alleging violations of multiple provisions of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, and defamation under New York state law. After removing the case to federal court, *see* Not. of Removal (Dkt. #1), Experian moved to dismiss the complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). For the reasons set out below, defendant's motion is granted.

## BACKGROUND

      On July 27, 2022, plaintiff filed a Summons with Notice in New York County Civil Court, stating that plaintiff was suing three credit reporting agencies—Experian, TransUnion LLC, and Equifax Information Services, LLC—"for defamation of Character" and seeking $50,000 in damages. Not. of Removal, Ex. A 2–3 (ECF Pagination) (Dkt. #1-2) ("State Court Filings"). Subsequently, plaintiff voluntarily dismissed his claims against both TransUnion and Equifax, leaving Experian as the only defendant. *See* State Court Filings 4–5. Experian then served plaintiff with a demand for complaint pursuant to N.Y. C.P.L.R. § 3012(b), *see* Not. of Removal ¶ 2 n.1; State Court Filings 7.

1

On September 13, 2022, plaintiff responded by filing a one-page complaint. State Court Filings 9 ("Compl.").[1] The complaint alleges that plaintiff "contacted Experian every month for three years to current by certified mail with proof regarding negatively reporting accounts and inaccurate information and willful noncompliance," and that as a result Experian was "in violation of [plaintiff's] rights" under various provisions of the FCRA. *Id.* at ¶ 1. Specifically:

- Plaintiff asserts that defendant violated 15 U.S.C. § 1681a(d)(2)(B), seemingly because plaintiff's credit report did not exclude a transaction that was "supposed to be excluded" because "a social security card was used in the transaction." Compl. ¶ 2.

- Plaintiff asserts that defendant violated 15 U.S.C. §§ 1681e(b) and 1681i(5) because plaintiff's credit report was not "100% accurate." Compl. ¶ 3.

- Plaintiff asserts that defendant violated 15 U.S.C. § 1681i(7) because his "account . . . was reported without valid evidence." Compl. ¶ 4.

- Plaintiff asserts that defendant violated 15 U.S.C. § 1681i(5)(B)(ii)–(iii) because some "item was deleted"—presumably from plaintiff's credit report—and then was "reinserted . . . without notifying [plaintiff within] 5 days." Compl. ¶ 5.

- Finally, plaintiff asserts that defendant violated 15 U.S.C. § 1681b because he "never gave [defendant] any written consent to report anything on [his] reports." Compl. ¶ 6.

Plaintiff's complaint did not contain any allegations regarding the defamation claim mentioned in the earlier Summons with Notice. *Compare* Compl., *with* State Court Filings 2–3.

Experian moves to dismiss the complaint under Rule 12(b)(6). Mot. to Dismiss (Dkt. #9).

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." To avoid dismissal on that basis, a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ibid.* (discussing Fed. R. Civ. P. 8). The facial "plausibility standard is not akin to a

---

[1] The complaint contains six unnumbered paragraphs. For the sake of clarity, I have supplied paragraph numbers.

probability requirement," but it requires a plaintiff to allege sufficient facts to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ibid.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556–57 (2007)) (quotation marks omitted). "A well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof [of the facts alleged] is improbable, and that a recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (quotation marks omitted).

At the motion-to-dismiss stage, a court may consider only (i) the complaint itself, (ii) documents either attached to the complaint or incorporated in it by reference, (iii) documents the plaintiff relied on and knew of when bringing suit, and (iv) matters in the public record that are subject to judicial notice. *See, e.g.*, *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007); *Sira v. Morton*, 380 F.3d 57, 67 (2d Cir. 2004); *Leonard F. v. Israel Disc. Bank of New York*, 199 F.3d 99, 107 (2d Cir. 1999). When reviewing the complaint on a motion to dismiss, the court must accept all facts alleged in a complaint as true. *Iqbal*, 556 U.S. at 678. The court, however, is not obligated to adopt "mere conclusory statements" or "threadbare recitals of the elements of a cause of action" that are not "supported by factual allegations." *Id.* at 678–79.

The complaint of a *pro se* plaintiff must be "liberally construed, and . . . however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). *Pro se* status, however, does not "'exempt a party from compliance with relevant rules of procedural and substantive law.'" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## DISCUSSION

Plaintiff has not plausibly alleged that Experian violated the FCRA or defamed him, so the complaint is dismissed.

I.   **Plaintiff's FCRA Claims Are Dismissed**

Plaintiff has failed to plausibly allege any violations of the FCRA. Plaintiff asserts that defendant violated several provisions of the FCRA—Sections 1681a, 1681b, 1681e, and 1681i—but has failed to "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable" under any of those provisions. *Iqbal*, 556 U.S. at 678.

*Section 1681a.* Plaintiff cites Section 1681a(d)(2)(B) and seems to argue that defendant is liable under that section for including information in his credit report that was "supposed to be excluded." Compl. ¶ 2.[2] But Section 1681a(d)(2) does not impose any substantive obligations on credit reporting agencies; instead, it is a definitional provision explaining that certain reports are not "consumer report[s]" within the meaning of the FCRA, and thus not subject to its requirements. *See, e.g.*, *Rivera v. TransUnion*, No. 22-CV-1038 (MPS), 2022 WL 17370506, at *3 (D. Conn. Oct. 31, 2022) (rejecting plaintiff's claim that "TransUnion 'includ[ed] excluded experiences like transactional information'" under Section 1681a(d)(2) because that section "actually provides that a report containing [certain] information . . . does not qualify as a consumer report subject to the FCRA" and thus "do[es] not articulate [a] dut[y] that TransUnion owed to plaintiff"). This provision accordingly cannot form the basis of any cause of action. *See ibid.* In any event, plaintiff has not alleged "what information [defendant] allegedly reported" that was supposed to be excluded, when, "to whom, or any other information that could support such a claim." *Henry v. Flagstar Bank, FSB*, No. 16-CV-1504 (JMA) (AKT), 2019 WL 1471267, at *2 (E.D.N.Y. Mar. 31, 2019). Accordingly, he has failed to state a claim under Section 1681a.

*Section 1681b.* Plaintiff next asserts that defendant violated Section 1681b, which sets out the permissible purposes for which a credit reporting agency may furnish a consumer report to a

---

[2] Plaintiff erroneously refers to this provision as "15 U.S. Code 1681a(2)(B)," Compl. ¶ 2—omitting reference to subsection (d)—and defendant repeats the typo in its motion to dismiss, *see* Mot. to Dismiss 3. No such provision exists. From context it is apparent that both parties meant to invoke 15 U.S.C. § 1681a(d)(2)(B).

third party, because plaintiff "never gave [defendant] any written consent to report anything on [his] consumer reports." Compl. ¶ 6. But Section 1681b requires a credit reporting agency to obtain a consumer's consent only in very limited circumstances involving employment relationships, underage consumers, and medical information, *see Rivera*, 2022 WL 17370506, at *3, and plaintiff has alleged no facts indicating any of those narrow carveouts is applicable here. Absent such an allegation, Section 1681b provides that a credit reporting agency "*may* furnish a consumer report" for certain permissible purposes, 15 U.S.C. § 1681b(a) (emphasis added), and to state a cause of action under that provision, "a plaintiff must allege both that the defendant used or obtained the plaintiff's credit report for an impermissible purpose, and that the violation was willful or negligent," *Braun v. Client Servs. Inc.*, 14 F. Supp. 3d 391, 396 (S.D.N.Y. 2014) (citation omitted). Plaintiff has not done so here.

*Sections 1681e and 1681i.* Finally, plaintiff invokes Sections 1681e and 1681i, the portions of the FCRA requiring credit reporting agencies to "follow reasonable procedures to assure maximum possible accuracy," 15 U.S.C. § 1681e(b), and to take a series of actions when a consumer disputes the accuracy of information contained in his file, *see* 15 U.S.C. § 1681i. *See* Compl. ¶¶ 3–5 (citing 15 U.S.C. §§ 1681e(b), 1681i(5), and 1681i(7)). To bring claims under these provisions, plaintiff must plausibly allege (among other things) that (1) the disputed information was in fact inaccurate and (2) that defendant failed to follow reasonable procedures. *See, e.g.*, *Mader v. Experian Info. Sols., Inc.*, 56 F.4th 264, 269–70 (2d Cir. 2023) (discussing claims under Section 1681e(b)); *Jones v. Experian Info. Sols., Inc.*, 982 F. Supp. 2d 268, 272–74 (S.D.N.Y. 2013) (discussing claims under Section 1681i). Plaintiff has not done so. Plaintiff asserts that certain information was "deleted" and then "reinserted," that information was "reported without valid evidence," and that his report was "not . . . 100% accurate." Compl. ¶¶ 3–5. But he does not say "*what* information [Experian] allegedly reported," deleted, or reinserted, "why it was

5

allegedly false, or any other information that could support such a claim," such as what actions Experian took—or failed to take—in response to plaintiff's disputes. *Henry*, 2019 WL 1471267, at *2 (emphasis added). The Court therefore cannot "draw the reasonable inference that the defendant is liable" under either Section 1681e or 1681i. *Iqbal*, 556 U.S. at 678.

Plaintiff's FCRA claims are accordingly dismissed.

## II. Any Defamation Claim Contained in Plaintiff's Complaint is Likewise Dismissed

Plaintiff's complaint does not reference defamation, but both his state-court Summons with Notice and his opposition to defendant's motion to dismiss describe this action as one for "defamation of character." Pl.'s Opp'n to Mot. to Dismiss 2 (Dkt. #13); State Court Filings 3. To the extent plaintiff's complaint is construed to include a defamation claim, the claim fails for two independent reasons.

First, the FCRA expressly preempts "any action or proceeding in the nature of defamation . . . with respect to the reporting of information against any consumer reporting agency . . . based in whole or in part on [a consumer] report[,] except as to false information furnished with malice or willful intent to injure such consumer," 15 U.S.C. § 1681h(e), and plaintiff has alleged no facts permitting an inference of malice on defendant's part. Accordingly, insofar as plaintiff's defamation claim relates to the contents of his credit report, it is preempted.

And even were the claim not preempted by the FCRA, it is too conclusory to survive dismissal. To state a claim for defamation, "the alleged defamatory statements [must] be pleaded with sufficient specificity to put the defendants on notice." *Bloom v. Fox News of Los Angeles*, 528 F. Supp. 2d 69, 74 (E.D.N.Y. 2007) (collecting cases). "In assessing whether a defamation claim has been plead with sufficient particularity, courts look to whether [the] complaint references the alleged defamatory statement, identifies who made the statement, when it was made, the context in which it was made, whether it was made orally or in writing and whether it was made

to a third party." *Ibid.* (quotation marks omitted). Plaintiff's Summons with Notice contains none of this information, instead merely stating that plaintiff "is suing . . . Experian for defamation of Character." State Court Filings 3. Plaintiff's defamation claim is accordingly dismissed.

## CONCLUSION

Defendant's motion to dismiss is granted, and the complaint is dismissed. Plaintiff may file an amended complaint within 30 days of the date of this Order. The new complaint must be captioned "Amended Complaint" and shall bear the same docket number as this Order. Plaintiff is advised that the amended complaint will replace his initial complaint. All further proceedings are stayed for 30 days. If plaintiff does not file an amended complaint within 30 days, judgment shall be entered dismissing the case. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, so *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

                                  */s/ Rachel Kovner*
                                  RACHEL P. KOVNER
                                  United States District Judge

Dated: April 18, 2023
       Brooklyn, New York